# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

William Edward Ferguson,

     Petitioner

v.

Joe Lombardo, et al,

     Respondents

Case No.: 2:21-cv-01658-JAD-NJK

**Order Denying Motion for Stay Order, Granting Motion for Leave to Amend, and Directing Petitioner to Show Cause Why This Case Should Not Be Dismissed**

[ECF Nos. 3, 7]

     William Ferguson initially brought this habeas corpus action under 28 U.S.C. § 2241 after a state jury had found him guilty of 7 counts of burglary, 2 counts of petit larceny, 1 count of attempted grand larceny, and 1 count of grand larceny but before the state district court entered its judgment of conviction.[1]  The state district court entered its judgment of conviction on October 25, 2021.[2]  Ferguson now has filed a motion for stay order,[3] a motion for leave to amend,[4] and an amended petition.[5]  I deny the motion for stay order as moot and grant the motion for leave to amend.  I have also reviewed the amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Because it appears that Ferguson filed this action before exhausting his state-court remedies, I direct Ferguson to show cause why I should not dismiss this action.

---

[1] ECF No. 1-1 at 1.

[2] ECF No. 6 at 1.

[3] ECF No. 3.

[4] ECF No. 7.

[5] ECF No. 6.

1    **A.     The motion to stay is moot.**

2          In his motion for stay order, Ferguson asks me to stay the state district-court proceedings

3    while this action is open.  Ferguson incorrectly argues that filing a habeas corpus petition in

4    federal court removes jurisdiction from the state courts.  Additionally, he was trying to stop the

5    state district court from entering its judgment of conviction, and that already has happened.  His

6    motion thus is moot.

7    **B.     Ferguson must show cause why this case should not be dismissed as premature.**

8          In the amended petition, Ferguson states that he has appealed the judgment of conviction

9    and that the appeal is pending.[6]  Ferguson must exhaust all of his potential remedies for all of his

10   claims in the state courts before he can pursue a petition for a writ of habeas corpus in federal

11   court.[7]  It appears that he has not exhausted any of his claims because his direct appeal still is

12   pending.[8]  Ferguson will need to show cause why I should not dismiss this action for lack of

13   exhaustion of the state-court remedies.

14         IT THEREFORE IS ORDERED that the motion for stay order **[ECF No. 3] is DENIED**

15   as moot.

16         IT FURTHER IS ORDERED that the motion for leave to amend **[ECF No. 7] is**

17   **GRANTED**.  His amended petition [ECF No. 6] will be the operative one.

18         IT FURTHER IS ORDERED **that petitioner must show cause in writing by January**

19   **7, 2022, why this court should not dismiss this action for failure to exhaust state-court**

20

21

22   _____

     [6] ECF No. 6 at 1, 2.

23   [7] 28 U.S.C. § 2254(b).

     [8] *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).

1 | remedies.  If, by that deadline, petitioner fails to show cause in writing that this action

2 | should not be dismissed, the court will dismiss this action without prejudice.

3 |        Dated: November 22, 2021

4 | _____
                      U.S. District Judge