# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| William Edward Ferguson, | Case No.: 2:21-cv-01658-JAD-NJK |
| Petitioner | |
| v. | **Order Granting Motion for Leave to Amend and Directing Petitioner to Show Cause Why This Case Should Not Be Dismissed** |
| Calvin Johnson, et al, | |
| Respondents | [ECF No. 10] |

William Ferguson initially brought this habeas corpus action under 28 U.S.C. § 2241 after a state jury found him guilty of 7 counts of burglary, 2 counts of petit larceny, 1 count of attempted grand larceny, and 1 count of grand larceny, but before the state district court entered its judgment of conviction on October 25, 2021.[1]  In my previous order, I denied Ferguson's motion for stay order, granted his motion for leave to amend, and directed him to show cause why I should not dismiss this action because he has not exhausted his state-court remedies.[2] That order was returned in the mail with the notation that Ferguson no longer is in custody at the Clark County Detention Center.[3]

Now in custody at Nevada's High Desert State Prison, Ferguson moves to amend his petition to add Calvin Johnson, Warden of High Desert State Prison, as a respondent.[4]  Because Johnson is now the proper respondent, I grant that motion.

---

[1] ECF No. 1-1 at 1; ECF No. 6.

[2] ECF No. 8.

[3] ECF No. 9.

[4] ECF No. 10.

On a related matter, Ferguson has not notified the court of his new address and identification number.[5]  His request to change the respondent to the Warden of the High Desert State Prison clued me in to his present custodial status, and I have been able to find his new inmate identification number through the inmate locator of the Nevada Department of Corrections.  So I direct the Clerk of the Court to change his address.  However, I remind Ferguson that he has the responsibility to notify the court of any change in address, and the court will not take these steps for him in the future.

What doesn't change from my previous order is Ferguson's obligation to demonstrate to this court that he has exhausted all administrative remedies, making his petition ripe for review by this court.  In the amended petition, Ferguson states that he has appealed the judgment of conviction and that the appeal is pending.[6]  But he must exhaust all of his potential remedies for all of his claims in the state courts before he can pursue a petition for a writ of habeas corpus in federal court.[7]  Because it appears that he has not exhausted any of his claims as his direct appeal is still pending,[8] Ferguson must now show cause why I should not dismiss this action for failure to first exhaust the state-court remedies.

IT IS THEREFORE ORDERED that **the motion to amend [ECF No. 10] is GRANTED.**  The Clerk of the Court is directed to replace Joe Lombardo with Calvin Johnson as respondent.

IT IS FURTHER ORDERED that that the Clerk of the Court is directed to **UPDATE PETITIONER'S ADDRESS** to the electronic-service address at the High Desert State Prison

---

[5] *See* LR IA 3-1.

[6] ECF No. 6 at 1, 2.

[7] 28 U.S.C. § 2254(b)(2).

[8] *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Law Library, with Nevada Department of Corrections inmate identification number 62478 and **RE-SEND [ECF No. 8]** the order of November 22, 2021, to petitioner.

IT IS FURTHER ORDERED that the deadline to show cause in the order of November 22, 2021, **[ECF No. 8] is EXTENDED TO February 11, 2022, and Ferguson must show cause in writing by February 11, 2022, why this court should not dismiss this action for failure to exhaust state-court remedies, or the court will dismiss this action without prejudice.**

Dated: December 17, 2021

_____
U.S. District Judge Jennifer A. Dorsey